Case 3:14-cv-00306 Document 22 Filed in TXSD on 08/17/16 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 18, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RONNIE JEAN DAVIS, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-306 |
| | § | |
| THE STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Ronnie Jean Davis, Jr. (TDCJ #01250016), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a civil rights complaint under 42 U.S.C. § 1983 (Dkt. 1). Davis, who proceeds *pro se*, alleges that a four-month delay in treatment caused his cancer to spread (Dkt. 1 at pp. 4–5).

When a prisoner seeks redress from a governmental entity, the presiding court must dismiss the complaint if it fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Davis has sued three defendants: TDCJ, the University of Texas Medical Branch ("UTMB"), and the State of Texas. All three are immune from suit. *Lewis v. University of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011); *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Davis has not named any other defendant, even as a John or Jane Doe. Section 1915A therefore demands dismissal.

Moreover, Davis's allegations do not rise to the level of an Eighth Amendment

violation. Davis's allegations indicate that a pathologist discovered cancerous material when Davis underwent a surgical procedure to restore urine flow; Davis had developed prostate cancer (Dkt. 1 at pp. 4–5). The pathologist's report was reviewed twelve days later in a surgical pathology consensus conference, at which, Davis says, a decision was made "to wait four (4) months . . . to seek a medical procedure to eradicate the malignant tumor" despite the pathology report's statement that there was a high probability of metastasis (Dkt. 1 at p. 5). According to Davis, his cancer did indeed metastasize during the four-month wait (Dkt. 1 at p. 5).

A prisoner may succeed on a claim for damages under 42 U.S.C. § 1983 for inadequate medical care only if he demonstrates "deliberate indifference to serious medical needs" on the part of prison officials or other state actors. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The conduct alleged must "constitute an unnecessary and wanton infliction of pain" or "be repugnant to the conscience of mankind." *Id.* at 104–06 (quotation marks omitted). This is an "extremely high standard to meet"—*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)—and, absent exceptional circumstances, it is not met by an incorrect diagnosis, unsuccessful medical treatment, acts of negligence, medical malpractice, or a prisoner's disagreement with his medical treatment. *Id.*; *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Rather, the prisoner must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious

medical needs." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (quotation marks omitted). "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Even taken as true and liberally construed, Davis's allegations do not spell out a claim under the Eighth Amendment. Assuming that the consensus conference produced a treatment plan that underestimated the rate of metastasis, that establishes, at most, error, not deliberate indifference.

Other statements by Davis actually establish his providers' concern for his welfare. Davis has filed several appendices to his complaint describing the extensive treatment he has received, including the removal of a tumor that was pressing against his spinal cord; physical therapy; and frequent x-ray and radiation treatments (Dkt. 7, Dkt. 10, Dkt. 12). The Court extends its sympathy to Davis, who is without a doubt in extreme pain; but his allegations simply do not state a claim upon which this Court can grant relief.

Davis's complaint is **DISMISSED** with prejudice. All pending motions are **DENIED**.

The Clerk will provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Galveston, Texas on August 17, 2016.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE